IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VANESSA WISE, on behalf of J.S.W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-072 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Vanessa Wise, on behalf of J.S.W., appeals the decision of the Acting Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

---

[1] The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant in this case.

**I.     BACKGROUND**

Plaintiff applied for SSI on behalf of Claimant, alleging disability from asthma and sinus allergies, with a stated onset date of September 1, 2003. Tr. ("R."), pp. 14, 49, 117-22. A prior application had been filed in 2007 and denied in 2009. R. 50. At the time of the application under review, Claimant was thirteen years old, and he was fifteen years old at the time the Administrative Law Judge ("ALJ") issued the opinion under consideration. R. 25, 49. The Social Security Administration denied Claimant's application initially and on reconsideration, R. 67-70, 77-80. Plaintiff requested a hearing before the ALJ, R. 81-83, and the ALJ held a hearing on November 21, 2014. R. 29-48. At the hearing, the ALJ heard testimony from Plaintiff and Claimant, who appeared with an attorney. Id. On March 2, 2015, the ALJ issued an unfavorable decision. R. 11-28.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity since March 27, 2013, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairment: asthma (20 C.F.R. § 416.924(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)). Thus, the claimant has not been disabled, as defined by the Social Security Act, since March 27, 2013, the date the application was filed. (20 C.F.R. § 416.924(a)).

R. 17-25.

When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ miscounted the number of Claimant's relevant asthma attacks, which led to the incorrect finding that Claimant did not meet Listing 103.03B. See doc. no. 10 ("Pl.'s Br."). The Commissioner maintains the administrative decision is supported by substantial evidence. See doc. no. 11 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894

3

F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

As succinctly summarized by Plaintiff, this case "is only a matter of counting [asthma] attacks" during the relevant twelve-month period of March 23, 2013, through March 22, 2014. Pl.'s Br., p. 4. Plaintiff "easily counts six attacks," (id.), but the Commissioner counts only four attacks. Comm'r's Br., pp. 5-6. As Listing 103.03B requires six attacks, the Commissioner maintains substantial evidence supports the disability decision.

### A. The Three-Step Sequential Process to Evaluate Disability in Children

A three-step sequential process is used to determine whether a child is disabled. 20 C.F.R. § 416.924. At the first step, the Commissioner must determine whether the claimant

4

is engaging in substantial gainful activity; if so, the claim is denied. Id. § 416.924(b). At the second step, the Commissioner must determine whether the claimant has a severe impairment or combination of impairments; if the claimant does not have any severe impairments, the claim is denied. Id. § 416.924(c). At the third and final step, the Commissioner must determine whether the claimant's impairments meet, medically equal, or functionally equal the Listings. Id. § 416.924(d). If the claimant does not have an impairment that meets, medically equals, or functionally equals the Listings, he will not be found disabled. Id. § 416.924(d)(2).

"A child's limitations 'meet' the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Shinn *ex rel*. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1279 (11th Cir. 2004). In order to show that his impairment meets a Listing, a claimant needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "Limitations 'medically equal' the limitations in the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Shinn, 391 F.3d at 1279. The claimant bears the burden of presenting specific medical findings to show he meets or equals a Listing. Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In determining whether an impairment or combination of impairments "functionally equals the severity" of a listed impairment, the ALJ must consider six major domains of life, including: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. Parks v. Comm'r, Soc. Sec. Admin., 783

5

F.3d 847, 851 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.926a(a), (b)(1), (d)). The claimant has the burden of proof to show that he has an "extreme" limitation in one domain, or "marked" limitations in two domains. Id. A limitation is "marked" if it "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." Id. A "marked" limitation is "more than moderate but less than extreme." Id.

### B. The ALJ's Determination at Step Three that Claimant Did Not Meet Listing 103.03B is Supported by Substantial Evidence.

Plaintiff argues the ALJ miscounted the number of Claimant's relevant asthma attacks. Although the heading in Plaintiff's brief asserts error concerning whether Claimant "Met or Medically Equaled" the Listing, the substantive argument addresses only whether "the listing is met." Pl.'s Br., p. 5. Indeed, Plaintiff repeatedly emphasizes this case "is a simple counting exercise." Id. Accordingly, the Court limits its analysis to whether Plaintiff met Listing 103.03B. See Blackshear *ex rel*. M.B. v. Astrue, No. CV 311-073, 2012 WL 3231023, at *4 (S.D. Ga. June 29, 2012) (restricting analysis to specific substance of Listing argument, despite expressed general disagreement with ALJ Listing analysis), *adopted by*, 2012 WL 3230428 (S.D. Ga. Aug. 6, 2012) (Bowen, J.). As set forth above, this analysis requires the Court to consider whether Claimant actually meets all of the specific medical criteria in Listing 103.03B. Sullivan, 493 U.S. at 530; Shinn, 391 F.3d at 1279.

Listing 103.03B states:

> Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 103.03B.

6

> In relevant part, Listing 3.00C states:
>
> Attacks of asthma . . . are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalization for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.

Id. § 3.00C.

The ALJ opined Claimant had only four asthma attacks as defined in Listing 3.00C, identifying the attacks as follows: two attacks in March of 2013, one of which counted double because it required hospitalization for more than 24 hours; and, one additional attack in March of 2014. For ease of reference, the Court will refer to the attacks at issue as follows: (1) 3/24-25/2013 – First Hospital Admission, R. 196; (2) 3/27-28/2013 – Second Hospital Admission, R. 198-99; (3) 6/28/2013 – Doctor's Office Visit, R. 220; and (4) 3/19/2014 – Emergency Room Visit, R. 225-27.

Both sides agree the March 19, 2014 Emergency Room Visit counts as one attack, leaving five remaining to meet Listing 103.03B. Plaintiff maintains the ALJ missed "entirely" the June 28, 2013 Doctor's Office Visit that should count as one attack. Pl.'s Br., p. 5. Review of the ALJ's decision, however, shows he considered and discussed Claimant's asthma treatment records multiple times in the written opinion. R. 17 & n. 1; R. 19; R. 24. Moreover, the exhibit within which the June 28th visit is documented, B4F, is cited twice in the ALJ's discussion of the frequency and severity of Claimant's asthma attacks and medication adjustments when seeing his primary care physician. R. 19.

7

During that Doctor's Office Visit, Claimant reported a flare up and coughing at night, resulting in the administration of Albuterol and a refill of Claimant's asthma medication. R. 220. Plaintiff fails to offer any explanation as to how or why the events leading to that office visit and/or the resultant treatment qualifies as an attack under Listing 3.00C such that it should be counted toward the requisite six attacks for meeting Listing 103.03B. See Johnson v. Barnhart, 148 F. App'x 838, 842 (11th Cir. 2005) (recognizing claimant must present medical evidence in support of Listing argument and rejecting use of nebulizer and taking daily asthma medication as indicative of severity of attacks requiring hospitalization). Thus, the asthma attack count remains at one.

Plaintiff also offers seven other "possibilities" of doctor visits that "could" constitute additional attacks. Pl.'s Br., pp. 4-5. Notably, however, there is no detail provided about any medical documentation within the cited treatment notes supporting the conclusion that any one of those visits actually count as an attack as defined in Listing 3.00C. Id. Plaintiff bears the burden of proving disability and providing evidence in support of the disability claim, and a diagnosis alone of asthma alone is not sufficient. Bailey *ex rel.* KDB, 444 F. App'x 365, 368 (11th Cir. 2011) (citing Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)); 20 C.F.R. § 416.925(d) (explaining a claimant's "impairment(s) cannot meet the criteria of a listing based only on a diagnosis" but rather must show impairment satisfies all Listing criteria).

The Court's function is not to review or re-weigh the evidence in search of a theory that may support Plaintiff's view of the record. Moore, 405 F.3d at 1211. Rather this Court is tasked with reviewing the record to determine whether substantial evidence supports the administrative decision. Lewis, 125 F.3d 1436, 1439 (11th Cir. 1997). As Plaintiff offers nothing to explain

why "any or all of these visits" to the doctor's office qualify as attacks under the Listing, the asthma attack count remains at one.

Because only the First and Second Hospital Admissions remain for consideration, even if the Court were to determine both admissions should count as two attacks, that would still only bring Claimant's count to five attacks, one short of the requisite six. However, the record does not support the conclusion that both hospital admissions were inpatient hospitalizations for longer than 24 hours, and thus they both cannot count as two attacks. As to the First Hospital Admission on March 24, 2013, Plaintiff states, without explanation, it "would count as two attacks under the listing." Pl.'s Br., p. 4 (citing R. 196-97, 214-16). However, examination of the records shows that despite Claimant's presence at the hospital "overnight" between March 24th and March 25th, (Pl.'s Br., p. 2), Claimant did not require "inpatient hospitalization for longer than 24 hours" such that the First Hospital Admission would count as two attacks.

Rather, the records reflect Claimant went to the Emergency Room at 6:25 p.m. on March 23 with "mild distress [and] wheezes," received medication, and was discharged no later than 3:37 a.m. on March 24, the time his medical record was signed by Dr. Roberto Medero Colon. R. 203-06. Claimant returned to the hospital at 10:49 p.m. on March 24, experiencing "respiratory distress, hyperventilating, wheezes, [and] decreased breath sounds." R. 193-94. Claimant again received medication, and Dr. Colon signed the medical record at 8:42 a.m. on March 25, approximately ten hours after Claimant's arrival on the evening of the 24th. R. 196-97. As the inpatient hospitalization lasted less than 24 hours, the First Hospital Admission was properly counted as only one attack, and the asthma attack count increases to two.

Plaintiff and the Commissioner agree the Second Hospital Admission on March 27, 2013 was counted by the ALJ as two attacks, but that only brings Claimant's total number of attacks to

9

four, two short of the requisite six to meet Listing 103.03B. Accordingly, the ALJ's conclusion Claimant did not meet Listing 103.03B is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 26th day of April, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA